IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al.,           ) | |
|                                   ) | |
|     Plaintiffs,                   ) | |
|                                   ) | |
| UNITED STATES OF AMERICA,         ) | |
|                                   ) | |
|     Plaintiff-Intervenor          ) | |
|     and Amicus Curiae,            ) | |
|                                   ) | CIVIL ACTION NO. |
| NATIONAL EDUCATION                ) | 3:70cv847-MHT |
| ASSOCIATION, INC.,                ) | (WO) |
|                                   ) | |
|     Plaintiff-Intervenor,         ) | |
|                                   ) | |
|     v.                            ) | |
|                                   ) | |
| RANDOLPH COUNTY BOARD OF          ) | |
| EDUCATION, et al.,                ) | |
|                                   ) | |
|     Defendants.                   ) | |

OPINION AND ORDER

This long-standing Alabama elementary and secondary school-desegregation case is again before the court, this time on new motions for attorneys' fees and expenses filed by the plaintiffs' counsel pursuant to 42 U.S.C. § 1988. The plaintiffs' counsel seek a total of

$ 364,815.06 from defendant Randolph County Board of Education.  The court will award $ 271,315.06.

The court will not repeat the extensive history of this litigation, which is set forth in some detail in Lee v. Randolph County Bd. of Edu., 885 F. Supp. 1526, 1527-1528 (M.D. Ala. 1995), and which is adopted by the court today.  The court will also not set forth again the extensive law that governs the award of fees and expenses, which law is also laid out in detail in the Randolph County case and which is adopted by the court today as well.  The court will also not set forth how this law, in particular the 12 factors articulated in Johnson v. Georgia Highway Express Company, Inc., 488 F.2d 714 (5th Cir. 1974), and other governing and binding law, applies to the requested fees and expenses, which application is also set forth in the Randolph County case and which the court adopts as well except to the extent the circumstances of that case differ from the circumstances now presented to the court.

It is against this factual background that the court now goes through the following well-established three-step process to determine the allowable fees and expenses in this case: (1) whether the plaintiffs are prevailing parties, Randolph County, 885 F. Supp. at 1528; (2) what the lodestar (the number of hours spent--tempered by billing judgment--multiplied by a reasonable market rate in the local area, id.) is; (3) and whether the lodestar should be adjusted upward or downward.  Id. at 1532.

The plaintiffs' attorneys are Solomon S. Seay, Jr., Kenneth L. Thomas, and Stanley F. Gray.  Seay's requested fees (843 hours x $ 400.00 = $ 337,200.00) and expenses ($ 4,501.17) total $ 341,701.17.  Thomas's requested fees (27 hours x $ 300.00 = $ 8,100.00) and expenses ($ 89.09) total $ 8,189.09.  Gray's requested fees (59.2 hours x $ 250.00 = $ 14,800.00) and expenses ($ 124.80) total $14,924.80.  The fees and expenses for all three attorneys span from 1995 through 2011 and are as follows:

| Name[a] | Rates | Hours | Fees | Expenses | Subtotals |
|---|---|---|---|---|---|
| Seay | $ 400 | 843 | $ 337,200.00 | $ 4,501.17 | $ 341,701.17 |
| Thomas | $ 300 | 27 | 8,100.00 | 89.09 | 8,189.09 |
| Gray | $ 250 | 59.2 | 14,800.00 | 124.80 | 14,924.80 |
| Totals | | | $ 360,100.00 | $ 4,715.06 | $ 364,815.06 |

The school board does not object to, and, indeed, essentially stipulates, that the plaintiffs are the prevailing parties and that they are entitled to recover fees and expenses for the services of these three attorneys. The school board also concedes that Seay's "contribution to constitutional progress in this state is without equal," Response of Defendant (doc. no. 322) at 2, see also Robinson v. Alabama State Department of Education, 727 F. Supp. 1422, 1428, (M.D. Ala. 1989) ("Seay is generally considered to be, in the area of school-related litigation, one of the most experienced and respected members in the Alabama legal community."), aff'd, 918 F.2d 183 (11th Cir. 1980) (table); Shuford v. Alabama State Board of Education, 846 F. Supp. 1511, 1518 (M.D. Ala. 1994) (Seay is "highly respected as one of the best civil rights attorney in the nation"), and that Gray

4

and Thomas are "experienced, absolutely first rate attorneys." Response of Defendant (doc. no. 322) at 2.

Nevertheless the school board does question whether Seay should be compensated at $ 400.00 an hour for time he spent only monitoring this litigation between 1994 and 2011. An overriding consideration for lawyers in seeking to recover fees and for courts in determining what fees may be recovered is "billing judgment." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). And this court uses the term billing judgment to mean how lawyers, using "common sense realism," C.J.S. Attorney & Client § 404 (2004), bill in every-day practice; the term encompasses the notion that a "counsel fee is not a mere arithmetical computation," id. at n. 10, and that the number of hours billed and the rate applied may vary depending on the circumstances. For example, as the former Fifth Circuit Court of Appeals has stated, "A lawyer in private practice may vary his fee for similar work in light of the professional relationship of the client with his office."

Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 719 (5th Cir. 1974).  Thus, for example, a lawyer in private practice might very well charge a higher fee for litigation services (which, relatively speaking, might be for a finite time, require a greater percentage of the lawyer's daily time, and put the lawyer's reputation more at risk) than for more routine or mundane services (which might last over an extended period of time and thus be worthy of some discount).

Here, similarly, it would make sense to charge a higher fee for intense litigation toward a final judgment than for more routine monitoring over an extended period of time.  The court therefore does not believe that Seay should receive the same hourly rate for monitoring (which the school board concedes that he is entitled to be paid for) as for active litigation.  Because it appears that Seay engaged in both active litigation and monitoring for the time period in question, the court chooses an in-between, or average, figure of $ 295 an hour for Seay

rather than a higher figure for active litigation or a lower figure for simple monitoring for all the hours spent. Seay's approved rate is therefore $ 295 an hour, for total fee of $ 248,685.00 (843 hours x $ 295.00).

The court also agrees with the school board that Gray's rate should be reduced from $ 250 to $ 200 an hour for the same reason that Seay's rate is reduced. Finally, the court concludes that a reduced rate from $ 300 to $ 225 is adequate for Thomas, whose role in this stage of the proceedings was, for the most part, that of pursuing Seay's fees. Gray's and Thomas's hours were not redundant.

The school board does not challenge the expenses sought by Seay, Thomas, and Gray. The attorneys will therefore recover all of their expenses, which total $ 4,715.06.

Also an adjustment of the lodestar either upward or downward is unwarranted. The school board again argues "that the court should consider the precarious financial

condition of the school district." Randolph County, 885 F. Supp. at 1532. The court remains convinced, as it was back in 1995, that, "Even assuming that this factor is proper for the court's consideration, the court is not convinced that, in this case, this concern overrides the directive of 42 U.S.C.A. § 1988 the award of attorney's fees to successful civil rights plaintiffs." Id. The most direct and effective way for the school board to relieve itself of Seay's fees and expenses is to bring itself into compliance with the law as soon as possible.

The plaintiffs will therefore receive fees and expenses as follows:

| Names  | Rates  | Hours | Fees         | Expenses    | Subtotals    |
|--------|--------|-------|--------------|-------------|--------------|
| Seay   | $ 295  | 843   | $ 248,685.00 | $ 4,501.17  | $ 253,186.17 |
| Thomas | $ 225  | 27    | 6,075.00     | 89.09       | 6,164.09     |
| Gray   | $ 200  | 59.2  | 11,840.00    | 124.80      | 11,964.80    |
| Totals |        |       | $ 266,600.00 | $ 4,715.06  | $ 271,315.06 |

***

**Accordingly, it is ORDERED that the plaintiffs' motions for attorney's fees and expenses (doc. nos. 305 and 319) are granted and that the plaintiffs have and recover from defendant Randolph County Board of Education, the sum of $ 266,600.00 for attorneys' fees and $ 4,715.06 for expenses, for a total of $ 271,315.06.**

**DONE, this the 8th day of August, 2012.**

　　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**