IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al.,        )<br>                               )<br>    Plaintiffs,               )<br>                               )<br>UNITED STATES OF AMERICA,      )<br>                               )<br>    Plaintiff-Intervenor    )<br>    and Amicus Curiae,      )<br>                               )<br>NATIONAL EDUCATION             )<br>ASSOCIATION, INC.,             )<br>                               )<br>    Plaintiff-Intervenor,  )<br>                               )<br>    v.                         )<br>                               )<br>RANDOLPH COUNTY BOARD OF       )<br>EDUCATION, et al.,             )<br>                               )<br>    Defendants.                ) | CIVIL ACTION NO.<br>  3:70cv847-MHT<br>       (WO) |

ORDER

Based on the representations made on the record on September 5, 2012, it is ORDERED that the motion to vacate appointment (doc. no. 343) is denied with leave to re-file as motion for civil contempt.

***

As the Eleventh Circuit Court of Appeals has observed,

> "[Injunctions, including consent decrees,] are enforced through the trial court's civil contempt power. ... If the plaintiff (the party obtaining the writ) believes that the defendant (the enjoined party) is failing to comply with the decree's mandate, the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned. ... The plaintiff's motion cites the injunctive provision at issue and alleges that the defendant has refused to obey its mandate. ... If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose.  At the hearing, if the plaintiff proves what he has alleged in his motion for an order to show cause, the court hears from the defendant. At the end of the day, the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance."

Florida Ass'n for Retarded Citizens, Inc. v. Bush, 246 F.3d 1296, 1298 (11th Cir. 2001) (alterations in original) (quoting Reynolds v. Roberts, 207 F.3d 1288,

1298 (11th Cir. 2000)); see also Thomason v. Russell Corp., 132 F.3d 632, 634 n. 4 (11th Cir. 1998) (same); Wyatt v. Rogers, 92 F.3d 1074, 1078 n. 8 (11th Cir. 1996) (same).

    DONE, this the 6th day of September, 2012.

                      /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE