IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NUMBER: |
| | ) | 3:70-cv-847-MHT |
| Plaintiff-Intervenor, | ) | (WO) |
| v. | ) | |
| | ) | |
| RANDOLPH COUNTY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER

This Consent Order clarifies the remaining issues to be addressed in order for Randolph County School System ("District") to ultimately petition the Court for a declaration of unitary status.

The parties have agreed that the two remaining issues in the case are as follows:

(1)   Workforce Complement Goal for Category 1 Employees;

(2)   Interim Employment of Category 1 teachers.

I.   Background

On December 15, 1994, a Consent Decree established a workforce goal of 23% Black Category 1 Certified Employees. Between December 15, 1994 and March 31, 2009 the Court issued a series of orders aimed at achieving the Court's mandate of eliminating the vestiges of past racial discrimination and desegregating the school system.

On March 31, 2009 the Court entered an order requiring the parties to submit a joint report addressing "what issues remain in litigation."  On October 15, 2009, the parties filed a Joint Status Report indicating that the two remaining desegregation issues in dispute were (1) personnel hiring and assignments and (2) student discipline.

On March 31, 2011 the Court entered a Consent Order setting forth requirements designed to resolve the outstanding issues of personnel hiring and assignment and student discipline.

On March 15, 2013 the Court held a telephone conference. All parties to the litigation participated in the telephone conference.  The parties represented to the Court during this telephone conference that the District had met its obligations with respect to student discipline, and that the parties had reached an agreement on the two remaining issues in dispute:  personnel hiring and interim employment of

teachers.   The parties represented to the Court during this conference that all remaining issues in this case had been resolved.

Based on the representation of the parties made to the Court during the conference call on March 15, 2013, the Court issued an Order on March 19, 2013 requiring the parties to submit their proposed settlement by April 1, 2013.

In an effort to avoid further litigation, the parties have engaged in good faith negotiations and voluntarily agreed, as indicated by the signatures of their counsel below, for entry of this Consent order to resolve the outstanding issues of personnel hiring and assignment.

Accordingly, after reviewing the agreed to terms, the Court concludes that entry of this Consent Order[1] is consistent with the Fourteenth Amendment to the United States Constitution and federal laws, and that its entry will further the orderly desegregation of the Randolph County School System.   Therefore, the District is hereby <u>ORDERED</u>, <u>ADJUDGED</u>, and <u>DIRECTED</u> to implement the provisions set forth below.

II.     PERSONNEL HIRING

In the December 15, 1994 Consent Decree, the Court stated, among other things, that the percentage of Black employees in certified positions had decreased significantly.   Based on the relevant labor pool, the Court ordered, among other

---

[1] Where this Consent Order conflicts with sections of prior Consent Orders of this Court, it shall supersede and replace those sections.

things, that within four years of the entry of the 1994 Consent Decree the District shall attain a 23% Black workforce in the category consisting of assistant superintendent, speech therapists, nurses, special education coordinator, federal programs coordinator, principals, assistant principals, director of vocational school, teachers, itinerant teachers, librarians, itinerant librarians, coaches, counselors, and itinerate counselors. *Id.* at 7. (Collectively referenced as "Category 1".)

Because the District had not met the 23% goal of Black Category 1 personnel, the Court on March 3, 2011 entered a Consent Order substantially modifying the procedures, practices and policies contained in the 1994 Consent Decree.

During the telephone conference with the Court on March 12, 2013, the parties recommended that the Court leave in place all of the remedial steps set forth in the Consent Decree of March 31, 2011 but change the Category 1 goal from 23% Black to 16% Black with the following conditions: The District must obtain the Category 1 goal of 16% Black within three years. Once the District obtains the Category 1 goal of 16% Black, the District must maintain the Category 1 percentage of 16% Black for two consecutive years whenever that benchmark occurs within the three-year requirement. Stated otherwise, if the District obtains the Category percentage of 16% Black in year one after the date of this Consent

Order, the District from that date forward must maintain a Category 1 percentage of 16% Black for two consecutive years.  If the District obtains a Category 1 percentage of 16% Black in year two or year three, the District shall maintain 16% Black Category 1 employment for two consecutive years thereafter.

III.   <u>Interim Employment of Teachers</u>

Personnel decisions made by the Randolph County Board of Education must be made in conformity with the requirements set forth in the Consent Order adopted by the Court on March 31, 2011, and the relevant provisions of the 1994 Consent Decree that are not in conflict therewith.

While all personnel decisions made by the District must be made in conformity with the March 31, 2011 Consent Order together with the relevant provisions of the 1994 Consent Decree that are not in conflict therewith, the parties requested the Court to approve a procedure regarding unanticipated teaching vacancies at the start of each school  year.  When such vacancies occur at the start of each school year, they create a significant impediment for the education program of affected students if the teaching positions are not filled expeditiously.

Under the general requirements set forth in the March 31, 2011 Consent Decree, a three step process for each vacancy must be followed:  (1) the positions must be posted in compliance with Ala. Code § 16-22-15; (2) receipt of

applications for the position; and (3) review and evaluation of the applicants in accordance with the March 31, 2011 Consent Decree.  Since these procedural steps are time consuming, the parties ask the Court to approve a process that will enable the District to fill such positions on an interim short-term basis.  Given the limited applications as proposed by the parties, the Court approves the procedure:

Interim Applicants:  The employment procedure required by the Consent Decree[2] will be fully implemented in all cases for all employment positions with the following limited exception:  if a vacancy occurs for a certified teaching position of an academic course within two weeks of the start of school or during the school year, the Board may employ a qualified applicant on an interim basis not to exceed a six week period of employment.

Before employing a certified employee on an interim basis, the Superintendent shall advise the United States Department of Justice; counsel for Private Plaintiffs, or their designee.

When the Employment Committee reviews and evaluates the applicants for the position filled on an interim basis, the Employment Committee may consider the application of the person employed on an interim basis.  However, the Employment Committee shall not consider in any manner or respect the employment experience of the person during the interim employment.

---

[2] The relevant provisions of the 1994 Consent Decree remain in effect to the extent they are not in conflict.

## IV. **EFFECT OF PRIOR ORDERS**

All Orders not inconsistent herewith remain in full force and effect, unless otherwise noted.

So ORDERED, this 16th day of April, 2013.

＿/s/＿Myron H. Thompson
United States District Judge

Respectfully submitted,

**For the Unites States of America:**
THOMAS E. PEREZ
Assistant Attorney General

＿＿/Jonathan Fischbach＿＿＿＿＿＿
ANURIMA BHARGAVA
SHAHEENA SIMONS
JONATHAN FISCHBACH
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
601 D Street, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530
(202) 514-4092
Counsel for the Plaintiff-Intervenor

7

**For the *Lee* Plaintiffs**:                    **For the Defendant School District:**

   s/Solomon S. Seay, Jr.                                 /s/ Donald B.  Sweeney, Jr.
SOLOMON S.  SEAY, JR.                      DONALD B.  SWEENEY, JR.
3200 Old Wetumpka Hwy.                  Bradley Arant Boult Cummings LLP
Montgomery, AL 36110                   One Federal Place
(334) 272-2679                              1819 Fifth Avenue North
                                       Birmingham, AL 35203-2104
   s/Stanley Gray                         (205) 521-8405
STANLEY GRAY
Gray Langford Sapp McGowan Gray
Gray & Nathanson PC
PO Box 830239
Tuskegee, AL 36083-0239
(334)727-4830

8